[No. 25468. Department One. March 12, 1935.]

LOREN C. DAVIDSON, *Respondent*, v. GIANT MANUFACTURING COMPANY OF COUNCIL BLUFFS, IOWA, *Appellant*.[1]

*Ballinger, Hutson & Boldt*, for appellant.

*Bogle, Bogle & Gates* and *George T. Nickell*, for respondent.

BEALS, J.—Prior to December, 1931, J. G. Killam represented defendant, Giant Manufacturing Com-

[1]Reported in 42 P. (2d) 7.

pany of Council Bluffs, Iowa, a corporation, as its district salesman, and later as its division sales manager, in the territory comprising Oregon and several adjacent states. During the same period and a little later, H. H. Sanford represented defendant as its district sales agent in the state of Oregon, operating under the direction of Mr. Killam. The agents' contracts of employment were in writing and are in the record.

These two agents, claiming that defendant was indebted to them under their contracts for commissions earned, assigned their claims to plaintiff, who instituted this action thereon, seeking, in his first cause of action, to recover judgment for $844.79, together with interest thereon, on account of commissions claimed to be due Mr. Killam, and in his third cause of action seeking judgment for six hundred dollars, with interest, on account of commissions alleged to be due Mr. Sanford. With the second cause of action set forth in plaintiff's complaint, we are not concerned. As to that cause of action, judgment was rendered in defendant's favor.

The trial court awarded plaintiff judgment on his first cause of action in the sum of $844.67, plus some interest, and on plaintiff's third cause of action, the sum of $538.69, together with accrued interest. From this judgment, defendant appeals, assigning error upon the rendition of judgment against it upon the respective causes of action, and also contending that, as to each cause of action, if defendant is liable at all, the recovery allowed is excessive. As stated by appellant, the questions to be considered on this appeal are of fact rather than of law.

We shall first consider the claim based on Mr. Killam's account. One of the chief matters in controversy in connection with this cause of action is a

sale of fence material made by appellant, through Killam, to Pearson Construction & Engineering Company, at Seattle, the contract price being $8,446.79. Mr. Killam claimed ten per cent commission on account of this sale, which the trial court allowed. Appellant, having made the Pearson Co. certain allowances, received, instead of the contract price, only $6,866.88, after paying attorneys' fees and other costs. Respondent claims that the allowances to the purchaser were made by appellant on account of defective material.

Appellant's testimony was introduced by way of a deposition, and appellant contends that the evidence shows that its books of account indicated that Mr. Killam was indebted to it in a sum amounting to over $1,600. In this account, no credit was allowed Mr. Killam on account of the Pearson sale, appellant contending that its failure to collect the full amount due in this connection was because of the fact that Killam misrepresented the financial standing of the purchaser, and also that Killam, without permission, improperly allowed certain credits, and that he failed to promptly make collections, as he was required to do under his contract. Appellant contends that its loss on the transaction (including attorney's fees and court costs of over eight hundred dollars) was properly chargeable to Killam.

In his complaint, respondent alleged the sale to the Pearson Co., and that there became due to Mr. Killam a commission thereon in the amount above mentioned. By its answer, appellant admitted the sale, but denied that there was anything due Mr. Killam on account thereof. By way of an affirmative defense to this cause of action, appellant alleged, first, that the Pearson Co. was not responsible and failed to pay promptly; that Mr. Killam failed to attend to the col-

lection of the account; and that appellant was required to employ counsel, at a considerable expense, to make the collection. For a second affirmative defense, appellant alleged that, at the time of the termination of Mr. Killam's employment, he was indebted to appellant in the sum of approximately $1,400, and that thereafter it was agreed between appellant and Mr. Killam that their mutual claims should be canceled and offset, one against the other.

On the trial of the action, appellant's counsel expressly stated that it made no counterclaim against Mr. Killam or Mr. Sanford, or against the respondent, contending only that the parties made an agreement to settle their controversies by each waiving all claims against the other. The trial court found that Mr. Killam performed his obligations in connection with the sale to the Pearson Co.; that he was not liable for any cost of collection; that there never was "any account stated, accord and satisfaction, or compromise" of Mr. Killam's claim for commissions; and that appellant has no offset against Mr. Killam's claim. On the trial, Mr. Killam testified as a witness on behalf of respondent; the only testimony offered by appellant being the deposition of Mr. C. R. Harding, its manager and treasurer.

Appellant argues that, from the evidence, it should be held that Mr. Killam was, in fact, indebted to appellant in a sum in excess of any amount which might be due him on account of commissions on the sale to the Pearson Co., and that, therefore, the judgment in respondent's favor on the first cause of action should be reversed. Mr. Killam was cross-examined at considerable length as to other commissions which he claimed to have earned, and it is true, as appellant contends, that his testimony is not very clear in regard to some of these items. The record, however, does not

require such a holding as that for which appellant contends, taking into consideration the pleadings and the statements of appellant's counsel as to its contentions.

It cannot be held that the evidence preponderates against the court's finding to the effect that appellant showed no offset against Mr. Killam, and that there was no mutual abandonment of opposing claims. Mr. Killam testified on the trial and the superior court had the benefit both of hearing his testimony and observing his demeanor upon the witness stand. While Mr. Killam's testimony was not always definite as to the details of certain prior transactions with which he was concerned, it is certainly true that the evidence offered by appellant in connection with Mr. Killam's account was even more unsatisfactory.

As to the Pearson commission, the contract between appellant and Mr. Killam provided that one-half of the commission due should be paid

" . . . within one week after acceptance of the order, and that the balance of the commission will be paid to first party (the agent) as soon as the transaction is completed and full settlement is made for the merchandise sold."

We find nothing in the contract which provides that cost of collection shall be charged against the company's salesman. Neither do we find any provision that allowances made on account of defective merchandise delivered by appellant should have the effect of reducing the agent's commission.

The trial court found that Mr. Killam was without fault in connection with the sale to the Pearson Co., and earned his full commission thereon. We find nothing in the record which requires that this finding be set aside, and we accordingly hold that the judgment on the first cause of action should be affirmed.

Respondent's third cause of action was based

upon a commission alleged to have been earned by
H. H. Sanford, appellant's sales agent for the state of
Oregon; it being alleged that Mr. Sanford effected a
sale to the Portland Base Ball Club of six thousand
dollars worth of appellant's merchandise; and that,
under his contract with appellant, a commission of
twenty per cent became due him, of which he had re-
ceived only six hundred dollars. In its answer, appel-
lant admitted that Mr. Sanford was its agent, and that
he had made the sale to the base ball club and became
entitled to a twenty per cent commission thereon, if
the account should be paid in full. By way of an
affirmative defense, appellant alleged that the base ball
club did not promptly pay its account, and that Mr.
Sanford agreed to allow a deduction from the purchase
price on account of shipping charges in the sum of
$224.26, and that, in order to collect the balance of
the account, it was necessary that a representative of
appellant go from Iowa to Oregon at an expense
of approximately four hundred dollars. Appellant
further pleaded that it had advanced Mr. Sanford com-
missions, which were afterwards charged against him
as not having been earned; appellant denying all in-
debtedness on the Sanford account.

The trial court found that Mr. Sanford, as appel-
lant's agent, effected a sale to the base ball club of
appellant's merchandise at the price of six thousand
dollars; that the club made full settlement for the mer-
chandise, and that Mr. Sanford received on account of
his commission $661.31, and no more; that Mr. Sanford
had performed all the duties required of him as appel-
lant's agent; that appellant had approved the allow-
ance on account of carrying charges; that no cost of
collection was chargeable against Mr. Sanford; and
that appellant was indebted to respondent, as assignee

of this account, in the sum of $538.69, for which judgment was rendered.

Under his contract with appellant, Mr. Sanford was required to make collections on his accounts, and it appears from the evidence that the balance due from the baseball club was not paid when due, or until after both Messrs. Sanford and Killam had left appellant's employ. An allowance was made the base ball club, as above stated, covering the difference in cost between sending the goods by express and the charges by freight. The trial court found that this allowance was approved by appellant, and the evidence does not preponderate against this finding. We find no basis in the record for charging against the Sanford commission the expenses incurred by Mr. Harding in his trip from Iowa to Oregon.

The trial court allowed a recovery of $538.69 on account of the Sanford commission. There should have been deducted from the sale price of the goods the allowance made to cover the difference between shipping by express and by freight, as complained. Mr. Sanford was not entitled to receive a commission on the amount so credited on the account. It appears that he conducted the negotiations which led up to the allowance, and that the same is a proper deduction from the purchase price in computing his commission.

The judgment appealed from will be modified by deducting therefrom $44.85, and as reduced will stand affirmed. Respondent will recover his costs on this appeal.

MILLARD, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.